# EXHIBIT A

STATE OF MICHIGAN
IN THE 22nd JUDICIAL CIRCUIT FOR WASHTENAW COUNTY

MARISSA FOSTER, an individual,
MARISSA FOSTER as next friend
for P.F.

        Plaintiffs,

v.

23-001125-NO

Case No.: 23-     -NO

Hon. JUDGE JULIA B. OWDZIEJ

SPIRIT AIRLINES, INC.;
JOHN or JANE DOES 1-10.

        Defendants.
_____/

Timothy P. Seeger (P83315)
GREWAL LAW PLLC
*Attorneys for Plaintiffs*
801 Broadway Avenue NW, Suite 302
Grand Rapids, Michigan 49504
(616) 259-8463
tseeger@4grewal.com
_____/

FILED IN Washtenaw County Trial Court; 8/31/2023 1:37 PM

## COMPLAINT AND JURY DEMAND

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.

**NOW COMES** Plaintiffs, Marissa Foster, and Marissa Foster as Next Friend for P.F. by and through their attorneys, GREWAL LAW PLLC, and for their Complaint against Defendant Spirit Airlines, Inc. and John or Jane Does 1-10 (hereinafter "Defendants"), and Jury Demand, allege and state as follows:

Page 1 of 12

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Marissa Foster ("Ms. Foster"), at all relevant times herein, was a resident of Washtenaw County, Michigan.

2. Plaintiff, P.F. (a minor), at all relevant times herein, was a resident of Washtenaw County, Michigan.

3. On Monday, October 24, 2022, Plaintiffs boarded Spirit Airlines flight number 1698 departing from Detroit, Michigan traveling to Orlando, Florida.

4. Defendant, Spirit Airlines, Inc. ("Defendant Spirit") is a foreign and domestic profit corporation whose registered mailing address is 2800 Executive Way, Miramar, FL 33025; and who is duly authorized to operate in Michigan with a registered office mailing address as 18121 E. Eight Mile, Ste. 100, East Detroit, MI 48021.

5. Defendant Spirit conducts significant business in the state of Michigan.

6. Defendants Jane or John Does 1-10 are agents, representatives and/or employees who worked for Spirit Airlines on Flight 1698 on October 24, 2022 and are either residents of the count of Wayne, and/or conducts significant business in the state of Michigan.

7. Venue is proper for this Honorable Court pursuant to MCL 600.1629.

8. Jurisdiction is proper for this Honorable Court pursuant to MCL 600.705 and MCL 600.711 or 600.715.

9. The amount in controversy for this incident exceeds twenty-five thousand dollars ($25,000).

## GENERAL ALLEGATIONS

10. Plaintiffs incorporate the preceding paragraphs by reference as if fully set forth herein.

11. On October 24, 2022, Plaintiffs were passengers on Spirit Airlines flight number 1698.

12. During the flight, Ms. Foster ordered tea from a Defendant Spirit flight attendant (John/Jane Doe 1).

13. When Ms. Foster ordered the tea, P.F. who was two years old at the time, was lying down on her seat with her head on Ms. Foster's lap.

14. The flight attendant promptly delivered the water to Ms. Foster to make her tea.

15. P.F. continued to have her head on Ms. Foster's lap.

16. The flight attendant did not provide any warning to Ms. Foster regarding the temperature of the hot water.

17. The product in question, tea, was and is routinely offered by the Defendants to its passengers.

18. Based on information and belief, the hot water reached Ms. Foster, in the standard practice of Defendants, at the temperature to which the employees were instructed to heat the water.

19. Ms. Foster directly asked Defendant Flight Attendant what the temperature of the hot water was and Defendant admitted they had no idea.

20. At all relevant times, Defendants were aware, or should have been aware, of the dangerous condition of the tea inherent in serving it at the temperature at which it was given to passengers on the plane.

21. Planes routinely hit turbulence or crowded spacing; Defendants knew of the likely risk of spillage.

22. No safety precautions were in place for serving tea at extremely hot temperatures.

23. After Ms. Foster received the hot water, she placed her tea bag in the cup to make her tea.

24. Ms. Foster placed her cup of tea, with the lid provided by Defendants securely on the cup, on the back tray table in front of her seat.

25. Within seconds of placing the cup of tea on the back tray table in front of her seat, the passenger in the seat in front of Ms. Foster adjusted his seat, which held the tray table with the cup of tea.

26. The adjustment caused the tea to fly off of the tray table, go airborne, and land on the Plaintiffs.

27. Plaintiffs immediately screamed and jumped out of their seats due to the burns they suffered caused by the excessive temperature of the water provided by Defendants.

28. P.F. ear began to turn white from the burn caused by the excessive temperature of the water served.

29. P.F. suffered blistering on her ear caused by the excessive temperature of the water served.

30. P.F. suffered blistering on her scalp caused by the excessive temperature of the water served.

31. Ms. Foster suffered burns from her thigh down to her buttocks.

32. Ms. Foster suffered blistering on her thigh caused by the excessive temperature of the water served.

33. Defendants had no burn gel or burn medical care on the airplane and could not and did not properly care for Plaintiffs' burns.

34. Ms. Foster had difficulty sitting on the plane for the remainder of the flight.

35. P.F. had difficulty sitting on the plane for the remainder of the flight and cried during the remainder of the flight.

36. Ms. Foster, and her daughter, continue to have scarring from the injuries they suffered.

## COUNT I: PREMISES LIABILITY

37. Plaintiffs incorporate all preceding paragraphs by reference as if fully set forth herein.

38. At all relevant times, Defendant Spirit Airlines was empowered to exercise rights with respect to care, custody, control, possession, and management of the subject premises.

39. That on or about October 24, 2022, the Plaintiffs, as passengers on Defendant Spirit's aircraft, were business invitees of Defendant. Therefore, Defendant Spirit owed Plaintiffs a duty to:

    (a) maintain the premises in a reasonably safe condition;

    (b) exercise ordinary care to protect Plaintiffs from unreasonable risks known to the possessor;

    (c) warn of open and obvious dangers if the possessor should expect that invitees would not discover the danger or would not protect themselves against it; and

    (d) inspect the premises to discover possible dangers of which they were not aware.

40. Plaintiffs are and were, at all relevant times, business invitees (passengers) of the Defendant.

41. That the Defendants at all times pertinent hereto had the responsibility to properly inspect, maintain, and/or repair the subject premises.

42. That at all times pertinent hereto the Defendants, individually and by agents, servants, and/or employees owed duties to the Plaintiffs, and that notwithstanding said duties, the Defendants violated and breached same as expressed in the following particulars:

   a. Maintaining water temperature for passenger consumption at a dangerous, unsafe level;

   b. Maintaining water temperature for passenger consumption at a dangerous, unsafe level, while passengers are on an airplane known to have turbulence and/or other disturbances;

   c. Failing to check the temperature of water to ensure the water is safe to provide to passengers on an airplane;

   d. Failing to warn passengers, such as Plaintiffs, regarding the temperature of the water when providing the water to passengers.

43. That Defendant had a statutory duty to keep its premises in reasonable repair, more specifically but not limited to MCLA 554.139 and other statutes.

44. One or more of the Defendants' negligent acts or omissions was a legal and proximate cause of Plaintiffs' injuries.

45. As the direct and proximate result of Defendants' negligence and/or gross negligence, Plaintiffs were seriously injured, sustaining injuries and medical procedures, including but not limited to: (1) burns; (2) blistering; (3) scarring; (4) pain and discomfort; (5) permanent disfigurement; (6) reduced ability to perform activities of daily living; (7) emotional distress; (8) past, present, and future medical treatment; and (9) psychological harm and injury.

46. That as a result of the injuries inflicted upon the Plaintiffs, Plaintiffs have been compelled to expend money for the medical care and treatment and in the future will be compelled to expend sums of money for medical care and treatment.

47. That as a result of the injuries sustained by Plaintiffs, the Plaintiffs will be unable to engage in those activities which an individual of the Plaintiffs' ages are accustomed to engage in, and the Plaintiffs are hereby claiming damages for said deprivation and loss.

**WHEREFORE**, Plaintiffs make claims for all non-economic and any economic losses exceeding the sum of twenty-five thousand ($25,000) dollars. Further, Plaintiffs make claim for any amount that they may be entitled to, plus costs and interest and for whatever amount this Honorable Court may deem just and proper and the nature of this case may allow.

### COUNT II: GENERAL NEGLIGENCE AND GROSS NEGLIGENCE

48. Plaintiffs incorporate all preceding paragraphs by reference as if fully set forth herein.

49. That at all times pertinent hereto the Plaintiffs were business invitees at the aforementioned property owned, maintained, and/or possessed by Defendant Spirit.

50. That on or about October 24, 2022, Plaintiffs, while business invitees upon the aforementioned property, were injured due to the negligence of Defendants.

51. That at all times pertinent hereto, Defendants had a duty of reasonable care in the maintenance of the subject property. This included a duty to exercise reasonable care for the protection of passengers like Plaintiffs.

52. At all times pertinent hereto, the Defendants owed a duty to keep Plaintiffs reasonably safe and failed to do so, thereby causing them to suffer bodily injuries as mentioned above.

53. The action and/or inaction of the Defendants as indicated in this Complaint were so reckless as to demonstrate a substantial lack of concern to whether injury would result to passengers, including Plaintiffs.

54. The actions and/or inactions of Defendant's Flight Attendants in failing to attend to Plaintiffs' injuries were so reckless as to demonstrate a substantial lack of concern to whether Plaintiffs' injuries would be aggravated due to a delay of medical care.

55. That as a result of Defendants' negligence and/or gross negligence, Plaintiffs sustained severe, numerous and permanent injuries and damages, which injuries have caused pain, suffering, disability, and mental anguish and will in the future cause pain, suffering, disability, and mental anguish and are hereby claiming damages for said injuries and damages.

56. As the direct and proximate result of Defendants' negligence and/or gross negligence, Plaintiffs were seriously injured, sustaining injuries and medical procedures, including but not limited to (1) burns; (2) blistering; (3) scarring; (4) pain and discomfort; (5) permanent disfigurement; (6) reduced ability to perform activities of daily living; (7) emotional distress; (8) past, present, and future medical treatment; and (9) psychological harm and injury.

57. That as a result of Defendants' negligence, Plaintiffs have been compelled to expend sums of money for medical care and treatment and in the future will be compelled to expend sums of money for medical care and treatment, and are hereby claiming damages for said medical expenses.

58. That as a direct and proximate result of the above-named Defendants' negligence, Plaintiffs endured severe injuries that caused and will cause them emotional trauma / distress.

**WHEREFORE,** Plaintiffs make claims for all non-economic and any economic losses exceeding the sum of twenty-five thousand ($25,000) dollars. Further, Plaintiffs make claim for

any amount that they may be entitled to, plus costs and interest and for whatever amount this Honorable Court may deem just and proper and the nature of this case may allow.

### COUNT III: NEGLIGENT TRAINING AND SUPERVISION

59. Plaintiffs incorporate all preceding paragraphs by reference as if fully set forth herein.

60. That at all times hereto, Defendant Spirit was under a duty to properly train and supervise its employees including but not limited to Flight Attendants.

61. That the employees/agents, including but not limited to Flight Attendants, were acting in the course and scope of their employment with Defendant Spirit, but were negligently trained and supervised, which ultimately led to Plaintiffs being injured and/or led to the aggravation of their injuries.

62. That at all pertinent times hereto, Defendant Spirit owed duties to its passengers, including Plaintiffs, and notwithstanding, the Defendant breached same as expressed in the following particulars:

 a. Failing to train employees how to maintain water temperature for passenger consumption at a safe level;

 b. Failing to train employees how to maintain water temperature for passenger consumption at a safe level while passengers are on an airplane known to have turbulence and/or other disturbances;

 c. Failing to train employees to check the temperature of water to ensure the water is safe to provide to passengers on an airplane;

 d. Failing to train employees to warn passengers, such as Plaintiffs, regarding the temperature of the water when providing the water to passengers.

63. That as a result of Defendant Spirit's negligent training and supervision of Flight Attendants, Plaintiffs suffered severe injuries and the aggravation of severe injuries due to a delay/denial in the treatment and medical care Plaintiffs required.

64. That as a direct and proximate result of Defendant Spirit's negligent training and supervision of Flight Attendants, Plaintiffs sustained claims and damages as previously set forth in Counts I and II of this Complaint, which are herein incorporated and claimed.

**WHEREFORE**, Plaintiffs make claims for all non-economic and any economic losses exceeding the sum of twenty-five thousand ($25,000) dollars. Further, Plaintiffs make claim for any amount that they may be entitled to, plus costs and interest and for whatever amount this Honorable Court may deem just and proper and the nature of this case may allow.

## **PRAYER FOR RELIEF**

Plaintiffs, based on the wrongful acts and counts set forth above, request this Court and the finder of fact to enter a judgment in Plaintiffs' favor against Defendants as indicated above in an amount consistent with the proofs of trial, and seek against Defendants all appropriate damages arising out of law, equity, and fact for each or all of the above counts where applicable and hereby requests that the trier of fact award Plaintiffs all applicable damages, including without limitation:

A. Compensatory and Non-Compensatory damages, in an amount to be determined as fair and just under the circumstances by the trier of fact;

B. Punitive and/or exemplary damages in an amount to be determined as reasonable or just by the trier of fact;

  C. Reasonable attorney fees, interest, and costs;

  D. Any other relief the Court deems fit and just.

 

Dated: August 30, 2023
           Respectfully Submitted,

                  **GREWAL LAW PLLC**

                  /s/ Tim P. Seeger
                  **Tim P. Seeger (P83315)**
                  *Attorneys for Plaintiffs*